IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEE EDWIN CALDWELL, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 3:04-CV-2166-L |
| | § |
| DALLAS COUNTY SHERIFF, et al., | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by *pro se* Plaintiff Lee Edwin Caldwell ("Caldwell" or "Plaintiff") against Defendants Dallas County Sheriff Jim Bowles ("Bowles"), Dallas County Lew Sterrett Medical and Jail Staff ("Jail Staff"),[1] Director TDCJ-ID Gary Johnson ("Johnson"),[2] Doug Dretke ("Dretke"), Mitchell County Hospital District ("MCHD"), Richard Hults ("Hults"), and Gail Anderson ("Anderson") (collectively "Defendants"). Caldwell asserts, among other things, that while he was in the custody of the Dallas County Jail and Texas Department of Criminal Justice ("TDCJ"), Defendants violated his constitutional rights, engaged in medical neglect and caused him personal injury.

Anderson filed Defendant Gail Anderson's Second Motion to Dismiss on September 23, 2005. Pursuant to Fed. R. Civ. P. 12(b)(6), Anderson moves for dismissal of Caldwell's claims brought under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S. C. § 12132. Anderson maintains that: (1) Caldwell failed to state a claim against her under

---

[1] This action was dismissed with prejudice as to Defendants Bowles and the Jail Staff on November 3, 2005.

[2] Johnson was dismissed as a Defendant on May 23, 2005.

**Memorandum Opinion and Order - Page 1**

§ 1983; (2) she is entitled to qualified immunity; and (3) Caldwell's ADA claim is not proper against her in her individual capacity. Anderson also requests the court to refuse to exercise supplemental jurisdiction over Caldwell's state law claims. Caldwell did not file a response to the motion.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the motion was referred to the United States magistrate judge for proposed findings and recommendation. On December 13, 2005, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. No objections to the Report have been filed.

The magistrate judge determined that Caldwell sued Anderson in her official capacity, and as such, his claim under 42 U.S.C. § 1983 fails as a matter of law. A state official sued in her official capacity is not a "person" who can be sued for purposes of liability under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus a suit against a person in her official capacity is treated as a suit against the governmental entity that employs her. *Id.* Anderson is employed by the TDCJ, which is an instrumentality of the State of Texas and is immune from suit under the Eleventh Amendment to the United States Constitution. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994). The magistrate judge therefore recommends that Caldwell's § 1983 claim against Anderson in her official capacity be dismissed. After making an independent review of the pleadings, motion, file and record in this case, and the findings and recommendations of the magistrate judge, the court determines that the findings of the magistrate judge are correct as to Caldwell's 42 U.S.C. § 1983 claim against Anderson. The magistrate judge's findings and recommendation as to this claim are therefore accepted as those of the court.

Regarding Caldwell's ADA claim against Anderson, the magistrate judge determined that Caldwell failed to allege any elements of a *prima facie* case of discrimination under the ADA.

**Memorandum Opinion and Order - Page 2**

Specifically, Caldwell failed to allege in his complaint that his ailments rise to the level of a "disability" as defined in the ADA; and failed to alleged that he was treated inadequately because of his disability. Report at 6-7. The magistrate judge also determined that Caldwell failed to identify any programs or services that excluded him as a result of his disability. *Id.* at 6. The magistrate judge therefore recommended that Anderson's Second Motion to Dismiss be granted as to Caldwell's ADA claim.

After making an independent review of the pleadings, motion, file and record in this case, and the findings and recommendations of the magistrate judge, the court determines that the magistrate judge's findings as to Caldwell's ADA claim against Anderson are incorrect. While Caldwell's complaint does not have the niceties of pleadings drafted by an attorney, the court believes that his ADA claim, as alleged in his complaint, meets the requirements of Fed. R. Civ. P. 8(a)(2) — "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Contrary to the magistrate judge's analysis, Caldwell's complaint need not contain specific facts establishing a prima facie case of discrimination under Title II of the ADA, but contain only a short and plain statement of the claim showing that he is entitled to relief. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002). Caldwell's complaint is replete with allegations that is disabled. He states that while at the Wallace Unit in Mitchell County his attempts to advise jail and medical personnel of his disability, and to receive the appropriate care, services and benefits as a result of his disability were either ignored or denied. Complaint at 12 - 17, 24. The court thus determines that Caldwell's pleadings contain a short and plain statement of his ADA claim showing that, if the allegations prove to be true, he is entitled to relief; thus they are sufficient to defeat a motion to dismiss. Whether or not Caldwell is *disabled* under the law should be addressed by summary judgment, not by a motion

to determine whether his pleadings are sufficient. Discovery will reveal whether Caldwell meets the legal definition of "disabled." Accordingly, the court rejects the magistrate judges' finding as to Caldwell's ADA claim.

The analysis, however, does not end here. In her motion, Anderson contends that the ADA does not provide for a cause of action against individual defendants.[3] Anderson is correct that Caldwell cannot maintain his ADA claim against her in her individual capacity. Title II of the ADA provides for redress for discrimination against a "public entity." 42 U.S.C. § 12132. The term as defined in the statute does not include individuals. *See* 42 U.S.C. § 12131(1). As the magistrate judge correctly pointed out, however, Anderson is being sued in her official capacity. Caldwell alleges that Anderson was the medical director at the TDCJ Wallace Unit. Complaint at 2. A suit against an employee in their official capacity is a suit against the entity of which the official is an agent. *Will*, 491 U.S. at 71. As such, Caldwell's suit against Anderson is a suit against the TDCJ. The Eleventh Amendment, however, bars suits under the ADA against the TDCJ. *See Board of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363 (2001). Additionally, actions against public officials in their official capacities are generally also barred. *See McCarthy Ex Rel. Travis v. Hawkins*, 381 F.3d 407, 412 (citing *Edelman v. Jordan*, 415 U.S. 651, 663-39 (1974)). This principle of state sovereign immunity for officers in their official capacity, however, is subject to the exception of the *Ex Parte Young* doctrine.[4] Under *Young*, official-capacity actions for prospective relief are not treated as actions against the state. *See Kentucky v. Graham*, 473 U.S. 159,

---

[3]In support of her argument, Anderson cites *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc), *cert. dismissed*, 529 U.S. 1001(2000); *Calloway v. Boro of Glassboro Dept. Of Police*, 89 F. Supp.2d 543, 557 ((D.NJ. 2000); *Yesky v. Pennsylvania*, 76 F.Supp.2d 572, 575 (M.D. Pa. 1999); and *Bostick v. Elders*, 2003 WL 1193028 (N.D. Tex. 2003).

[4]Ex parte Young, 209 U.S. 123 (1908).

**Memorandum Opinion and Order - Page 4**

167 n.14 (1985); *McCarthy*, 381 F.3d at 414. The inquiry, therefore, is whether Caldwell's complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Verizon Maryland, Inc. v. Public Serv. Comm'n,* 535 U.S. 635, 645 (2002). Caldwell complaint does not allege an ongoing violation, or seek prospective relief such as an injunction. Instead, he seeks compensation for actions of the TDCJ while he was incarcerated. As such, Caldwell's claim does not come under the *Ex parte Young* exception of the Eleventh Amendment sovereign immunity, and his ADA claim against Anderson, therefore, should be dismissed.

The magistrate judge also recommended that the court decline to exercise supplemental jurisdiction over Caldwell's state law claims and dismiss the state claims without prejudice. The court determines that the findings of the magistrate judge as to this issue are incorrect. There remains before the court federal and state law claims against other Defendants in this action. The court will, therefore, defer any decision on exercising supplemental jurisdiction over Caldwell's state law claims against Anderson pending further proceedings.

For the reasons stated herein, the court **grants in part** Defendant Gail Anderson's Second Motion to Dismiss, and **dismisses with prejudice** Plaintiff's federal claims against her pursuant to Fed. R. Civ. P. 12(b)(6). The court **defers** any decision on exercising supplemental jurisdiction over Caldwell's state law claims against Defendant Gail Anderson, as there are remaining federal and state law claims against other Defendants in this case.

**It is so ordered** this 18th day of January, 2006.

_____
Sam A. Lindsay
United States District Judge