IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEE EDWIN CALDWELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:04-CV-2166-L |
| § | |
| DALLAS COUNTY SHERIFF, et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by *pro se* Plaintiff Lee Edwin Caldwell ("Caldwell" or "Plaintiff") against Defendants Dallas County Sheriff Jim Bowles ("Bowles"), Dallas County Lew Sterrett Medical and Jail Staff ("Jail Staff"),[1] Director TDCJ-ID Gary Johnson ("Johnson"),[2] Doug Dretke ("Dretke"), Mitchell County Hospital District ("MCHD"), Richard Hults ("Hults"), and Gail Anderson ("Anderson") (collectively "Defendants"). Caldwell asserts, among other things, that while he was in the custody of the Dallas County Jail and Texas Department of Criminal Justice, Defendants violated his constitutional rights, engaged in medical neglect and caused him personal injury.

MCHD filed Defendant Mitchell County Hospital District's Second Motion to Dismiss on September 23, 2005. Pursuant to Fed. R. Civ. P. 12(b)(6), MCHD moves for dismissal of Caldwell's claims brought under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S. C. § 12132. MCHD maintains that: (1) Caldwell does not allege facts to state a

---

[1] This action was dismissed with prejudice as to Defendants Bowles and the Jail Staff on November 3, 2005.

[2] Johnson was dismissed as a Defendant on May 23, 2005.

constitutional claim against it under § 1983; and (2) Caldwell does not allege facts to support his ADA claim, as he does not allege that he was excluded participation in or denied benefits of a service, program or activity because of a disability. MCHD also requests the court to refuse to exercise supplemental jurisdiction over Caldwell's state law claims if his federal claims are dismissed. Caldwell did not file a response to the motion.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the motion was referred to the United States magistrate judge for proposed findings and recommendation. On December 13, 2005, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. No objections to the Report have been filed.

The magistrate judge determined that Caldwell's claims under 42 U.S.C. § 1983 minimally satisfy the pleading requirements of Fed. R. Civ. P. 8(a), as he makes several allegations that "arguably relate to the elements of municipal liability under § 1983." Report at 5-6. After making an independent review of the pleadings, motion, file and record in this case, and the findings and recommendations of the magistrate judge, the court determines that the findings of the magistrate judge are correct as to Caldwell's claims under 42 U.S.C. § 1983. The magistrate judge's findings and recommendation as to this claim are therefore accepted as those of the court.

Regarding Caldwell's claims under Title II of the ADA, the magistrate judge determined that Caldwell failed to allege any elements of a *prima facie* case of discrimination under Title II of the ADA. Specifically, the magistrate judge determined that Caldwell failed to allege in his complaint that his ailments rise to the level of a "disability" as defined in the ADA; and failed to alleged that he was treated inadequately because of his disability. Report at 6-7. The magistrate judge also determined that Caldwell failed to identify any programs or services that excluded him as a result

of his disability. *Id*. at 6. The magistrate judge thus recommended that MCHD's motion to dismiss be granted regarding these claims.

After making an independent review of the pleadings, motion, file and record in this case, and the findings and recommendations of the magistrate judge, the court determines that the magistrate judge's findings as to Caldwell's ADA claims are incorrect. While Caldwell's complaint does not have the niceties of pleadings drafted by an attorney, the court believes that his ADA claim, as alleged in his complaint, meets the requirements of Fed. R. Civ. P. 8(a)(2) — "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Contrary to the magistrate judge's analysis, Caldwell's complaint need not contain specific facts establishing a prima facie case of discrimination under Title II of the ADA, but contain only a short and plain statement of the claim showing that he is entitled to relief. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002). Caldwell's complaint is replete with allegations that is disabled. He states that while at the Wallace Unit in Mitchell County his attempts to advise jail and medical personnel of his disability, and to receive the appropriate care, services and benefits as a result of his disability were either ignored or denied. Complaint at 12 - 17. The court thus determines that Caldwell's pleadings contain a short and plain statement of his ADA claim showing that, if the allegations prove to be true, he is entitled to relief; thus they are sufficient to defeat a motion to dismiss. Whether or not Caldwell is *disabled* under the law should be addressed by summary judgment, not by a motion to determine whether his pleadings are sufficient. Discovery will reveal whether Caldwell meets the legal definition of "disabled." Accordingly, the court rejects the magistrate judges' finding as to Caldwell's ADA claim.

The magistrate judge also recommended that the court defer any decision on exercising supplemental jurisdiction over Caldwell's state law claims pending further proceedings. The court determines that the findings of the magistrate judge as to this issue are correct, and they are therefore accepted as those of the court.

For the reasons state herein, the court **denies** Defendant Mitchell County Hospital District's Second Motion to Dismiss as to Plaintiff Lee Edwin Caldwell's claims under 42 U.S.C. § 1983 and claims under Title II of the ADA. The court **defers** any decision on exercising supplemental jurisdiction over Caldwell's state law claims, as there are remaining federal claims in this case.

**It is so ordered** this 18th day of January, 2006.

Sam A. Lindsay  
United States District Judge