## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **LEE EDWIN CALDWELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:04-CV-2166-L** |
| | § | |
| **DALLAS COUNTY SHERIFF, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by *pro se* Plaintiff Lee Edwin Caldwell ("Caldwell" or

"Plaintiff") against Defendants Dallas County Sheriff Jim Bowles ("Bowles"), Dallas County Lew

Sterrett Medical and Jail Staff ("Jail Staff"),[1] Director TDCJ-ID Gary Johnson ("Johnson"),[2] Doug

Dretke ("Dretke"), Mitchell County Hospital District ("MCHD"),[3] Richard Hults ("Hults"),[4] and

Gail Anderson[5] ("Anderson") (collectively "Defendants").  Caldwell asserts, among other things,

that while he was in the custody of the Dallas County Jail and Texas Department of Criminal Justice,

---

[1]This action was dismissed with prejudice as to Defendants Bowles and the Jail Staff on November 3, 2005.

[2]Johnson was dismissed as a Defendant on May 23, 2005.

[3]On January 18, 2006, the court denied MCHD's motion to dismiss.

[4]The court dismissed the federal claims against Hults on February 2, 2006.  The court deferred its decision on exercising supplemental jurisdiction over the state law claims against Hults, as there were pending federal and state law claims against the remaining Defendants in the case.

[5]The court dismissed the federal claims against Anderson on January 18, 2006.  The court deferred its decision on exercising supplemental jurisdiction over the state law claims against Anderson, as there were pending federal and state law claims against the remaining Defendants in the case.

Defendants violated his constitutional rights, engaged in medical neglect and caused him personal injury.

Dretke filed Defendant Dretke's Motion for Judgment on the Pleadings on January 4, 2006. Pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2), Dretke moves for dismissal of Caldwell's claims. Dretke contends that: (1) As an official of TDCJ, he is entitled to immunity under the Eleventh Amendment; (2) Caldwell claims are time-barred; (3) Caldwell has failed to exhaust his administrative remedies; (4) he has no authority over medical care for persons incarcerated in TDCJ; (5) Caldwell has not alleged that he was personally involved in providing medical care to Caldwell; (6) he is entitled to qualified immunity; (7) Caldwell's claim against him under Title II of the American Disabilities Act ("ADA") should be dismissed, as the ADA does not provide for a cause of action against individual defendants; (8) Caldwell's claim against him under the Texas Tort Claims Act ("TTCA") should be dismissed, as the TTCA does not provide recovery against individuals employed by the State.  On January 27, 2006, Caldwell requested an extension to file his response to Dretke's motion.  The court granted him an extension to February 15, 2006. Caldwell, however, never filed a response to the motion.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the motion was referred to the United States magistrate judge for proposed findings and recommendation. On March 9, 2006, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed.  No objections to the Report have been filed.

The magistrate judge determined that Caldwell's claims under 42 U.S.C. § 1983 against Dretke in his official capacity should be dismissed because they are barred by the Eleventh Amendment to the United States Constitution.  The magistrate judge also determined that Caldwell's

ADA claims for conduct that occurred prior to October 5, 2002, the date of his release from confinement, are barred by the two-year statute of limitations.[6]  The magistrate judge further concluded that, at this pleading stage of the litigation, Caldwell's pleadings state a claim of Title II disability discrimination that may have occurred or was ongoing on October 5, 2002.  The magistrate judge recommends that Dretke's motion to dismiss be granted with respect to Plaintiff's claims under § 1983 and claims under Title II of the ADA that accrued before October 5, 2002.  He further recommends that the court defer any decision on whether to exercise supplemental jurisdiction over Caldwell's state law claims pending further proceedings.

After making an independent review of the pleadings, motions, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings of the magistrate judge are correct.  They are therefore accepted as those of the court.  Accordingly, the court **grants in part** Defendant Dretke's Motion for Judgment on the Pleadings, and **dismisses with prejudice** Plaintiff's claims against Dretke brought under 42 U.S.C. § 1983, as they are barred by the Eleventh Amendment to the United States Constitution; and **dismisses with prejudice** Plaintiff's claims against Dretke under Title II of the ADA that accrued before October 5, 2002, as they are time-barred.  The court **denies in part** Defendant Dretke's Motion for Judgment on the

---

[6]Title II of the ADA prohibits a public entity, such as a state prison system, from discriminating against a qualified individual with a disability. *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 209-210 (1998); *see generally* 42 U.S.C. § 12131 *et seq*. (1990).  Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2005) sets forth a two-year statute of limitations for personal injury actions.  The magistrate judge applied the rationale set out in *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) in concluding that the two-year statute of limitations apply to Calwell's ADA claim.  The two-year limitations period runs from the day the cause of action accrues.  *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).  Thus Caldwell was required to file his complaint within two years of when he knew or had reason to know of the discriminatory actions.  Caldwell was released from confinement on October 5, 2002.  He filed his complaint on October 5, 2004.

Memorandum Opinion and Order - Page 3

Pleadings as to a claim of Title II disability discrimination that may have occurred or was ongoing on October

5, 2002.  The court **defers** any decision on exercising supplemental jurisdiction over Caldwell's state law claims against Dretke, as there are remaining federal and state law claims in this case.

> **It is so ordered** this 22nd day of May, 2006.


_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge