IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEE EDWIN CALDWELL**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:04-CV-2166-L** |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| TDCJ-CID, **MITCHELL COUNTY** | § | |
| **HOSPITAL DISTRICT, GAIL** | § | |
| **ANDERSON,** and **TDCJ WALLACE UNIT** | § | |
| **MEDICAL STAFF,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Quarterman's Motion for Summary Judgment, filed March 3, 2008. After careful consideration of the motion, brief, appendix, competent summary judgment evidence, record, and applicable law, the court **grants** Defendant Quarterman's Motion for Summary Judgment as to Plaintiff Lee Edwin Caldwell's claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Texas Tort Claims Act.

### I. Factual and Procedural Background

This is a civil rights action brought by *pro se* Plaintiff Lee Edwin Caldwell ("Caldwell" or "Plaintiff") against Defendants Dallas County Sheriff Jim Bowles ("Bowles"), Dallas County Lew Sterrett Medical and Jail Staff ("Jail Staff"),[1] Director of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") Gary Johnson ("Johnson"),[2] Doug Dretke

---

[1] This action was dismissed with prejudice as to Defendants Bowles and the Jail Staff on November 3, 2005.

[2] Johnson was dismissed as a Defendant on May 23, 2005.

**Memorandum Opinion and Order- Page 1**

("Dretke"),³ Mitchell County Hospital District ("MCHD"),⁴ Dr. Richard Hults ("Hults"),⁵ Gail Anderson ("Anderson"),⁶ and the TDCJ-CID Wallace Unit medical staff ("Wallace Staff")⁷ (collectively "Defendants"). Caldwell asserts, among other things, that while he was in the custody of the Texas Department of Criminal Justice, Quarterman violated his constitutional rights, engaged in medical neglect, and caused him personal injury.

Quarterman filed Defendant Quarterman's Motion for Summary Judgment on March 3, 2008. He moves for summary judgment on Caldwell's claims brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.001 *et seq.* (Vernon 2005 & Supp. 2007). Quarterman contends that: (1) Caldwell has not shown a violation of the ADA that occurs within the limitations period (on or after October 5, 2002) and (2) the Eleventh Amendment to the Constitution bars litigation of Texas Tort Claims Act in federal court. Caldwell did not file a response to the motion.

---

³ By its order issued May 22, 2006, the court dismissed with prejudice all section 1983 claims against Dretke, as well as all ADA claims that accrued prior to October 5, 2002, leaving intact only Plaintiff's ADA claims that accrued following October 5, 2002. The court also deferred a decision on whether to exercise its supplemental jurisdiction over Plaintiff's state law claims against Dretke. Effective June 1, 2006, Nathaniel Quarterman ("Quarterman") succeeded Dretke as the Director of TDCJ-CID. Under Rule 25(d), Fed. R. Civ. P., Nathaniel Quarterman "is automatically substituted as a party."

⁴The court dismissed with prejudice the section1983 and ADA claims against MCHD on December 12, 2007, but deferred decision on whether to exercise the court's supplemental jurisdiction over Plaintiff's state law claims against MCHD.

⁵The court dismissed with prejudice all section1983, ADA, and federal claims against Hults on February 2, 2006, but it deferred a decision on whether to exercise the its supplemental jurisdiction over Plaintiff's state law claims against Hults. The court dismissed Defendant Hults on July 27, 2007 pursuant to the Suggestion of Death, filed August 18, 2006.

⁶The court dismissed with prejudice all section1983, ADA, and federal claims against Anderson on January 18, 2006, but it deferred a decision on whether to exercise its supplemental jurisdiction over Plaintiff's state law claims against Anderson. The court dismissed Defendant Anderson on November 30, 2007 pursuant to the Suggestion of Death, filed August 14, 2007.

## II. Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence

in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Plaintiff filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, however, Plaintiff's live pleading, Plaintiff's Amended Original Petition [sic], is verified, and the court, to the extent permitted by the applicable law governing summary judgments, will consider his pleadings.

### III.    Analysis

#### A.    Plaintiff's ADA Claim

Quarterman contends that he is entitled to summary judgment on the ADA claim because Caldwell has not shown a violation of the ADA that occurs within the limitations period (on or after

October 5, 2002. In order to obtain relief under the ADA for denial of benefits, Plaintiff must show that he: (i) is a qualified individual with a disability, (ii) was either excluded from participation in or denied the benefits of some public entity's services or programs, and (iii) was excluded by reason of his disability. *See Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997). Quarterman contends that Caldwell fails to raise a genuine issue of material fact as to the second and third elements of his prima facie case. The court agrees.

Although Plaintiff's complaint contains an extensive summary of the alleged wrongdoing of the TDCJ-CID staff and contractors, he offers no evidence that he was either excluded from participation in or denied the benefits of any specific TDCJ-CID services or programs. The inadequate medical treatment of a disability is insufficient to provide a basis for liability under the ADA. *See Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) (dismissing diabetic prisoner's ADA claim based upon the denial of a diabetic diet); *see also Galvin v. Cook*, No. CV 00-29-ST, 2000 WL 1520231, at *6 (D. Or. Oct. 3, 2000) (granting summary judgment on diabetic prisoner's ADA claim where prisoner alleged that he was given improper doses of medication and given inadequate treatment). The record is devoid of any competent summary judgment evidence of any TDCJ-CID programs or services from which Plaintiff was excluded as a result of his alleged disability. Therefore, Plaintiff fails to establish a genuine issue of material fact that he was excluded from participation in or denied the benefits of TDCJ-CID's services or programs, and Quarterman is entitled to judgment as a matter of law.

Even if Plaintiff established that he was either excluded from participation in or denied the benefits of TDCJ-CID's services or programs, his claim still fails. Plaintiff fails to present any evidence that he was excluded *by reason of* his disability. Because he has not established an

underlying exclusion from participation in or denial of benefits of TDCJ-CID's services or programs, he is necessarily unable to establish a discriminatory motive for the exclusion or denial. Moreover, upon his release from custody, Caldwell was no longer eligible for the TDCJ-CID medical care that he contends was denied because such care is solely for the benefit of incarcerated inmates. Def. App. 11. Therefore, Plaintiff fails to establish a genuine issue of material fact as to whether he was excluded was excluded by reason of a disability, and Quarterman is entitled of judgment as a matter of law with respect to Caldwell's ADA claim.

### B. Plaintiff's Claim Under the Texas Tort Claims Act

Plaintiff sues Quarterman in his official capacity. Quarterman contends that he is entitled to summary judgment on Caldwell's claim under the Texas Tort Claims Act because the Eleventh Amendment to the Constitution bars litigation of this claim in federal court. The court agrees and therefore lacks jurisdiction to hear this claim.

A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004). The Eleventh Amendment to the United States Constitution is an explicit jurisdictional bar to suits against states in federal court. U.S. Const. Amend. XI. The immunity afforded by the Eleventh Amendment applies unless the state waives its immunity or if Congress unequivocally expresses an intent to waive the state's immunity pursuant to a valid exercise of power. *Cozzo v. Tangipahoa Parish Council--President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002).

Caldwell seeks relief under the Texas Tort Claims Act. By enacting this statute, the state waives its constitutional protection under the Eleventh Amendment in state court only. *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996). "A state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts." *Id.* at 851-52. Therefore, the Texas Tort Claims Act does not waive sovereign immunity in federal court. *Id.* at 852. Because Quarterman is entitled to Eleventh Amendment immunity with respect to Plaintiff's claim under the Texas Tort Claims Act against him in his official capacity, the court lacks jurisdiction to adjudicate this claim.

**IV. Conclusion**

For the reasons herein stated, no genuine issues of material fact exist with respect to Caldwell's under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the court lacks jurisdiction over Plaintiff's claim under the Texas Tort Claims Act. Accordingly, the court **grants** Defendant Quarterman's Motion for Summary Judgment as to Caldwell's ADA claim and **dismisses without prejudice** Plaintiff's claim against Quarterman under the Texas Tort Claims Act.

**It is so ordered** this 13th day of June, 2008.

Sam A. Lindsay
United States District Judge